UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Nicole D. Bedenko                                                        Case No. 23-47986
                                                                                                            Chapter 7
                                      Debtor.                                                      Hon. Maria L. Oxholm
_____/

**OPINION AND ORDER GRANTING IN PART DEBTOR'S MOTION FOR SANCTIONS FOR VIOLAITON OF THE DISCHARGE INJUNCTION UNDER 11 USC § 105 AND § 524(a)**

Before the Court is Debtor Nicole D. Bedenko's Motion for Sanctions for Violation of the Discharge Injunction under 11 U.S.C. § 105 and § 524(a). [ECF No. 19]. Thomas Murphy ("Mr. Murphy") filed a response. [ECF No. 24]. The Court held a hearing on April 25, 2024. For the following reasons, the Court holds that Mr. Murphy violated the discharge injunction, the State of Michigan 72nd Judicial District Court's judgment entered on March 22, 2024 is void, and further orders supplemental briefing and a hearing on the issue of damages.

**FINDINGS OF FACT:**

The relevant facts of this case are as follows.

On May 4, 2023, Mr. Murphy filed a lawsuit in the Michigan 72nd Judicial District Court, Case No. 23-P02557-GC seeking to recover possession of a Labrador named Emma ("Dog") and $2,500.00 in damages ("First Lawsuit"). [ECF No. 19; Exh. A]. On September 12, 2023, Debtor filed for Chapter 7 Bankruptcy. [ECF No. 1]. The Debtor listed the Dog on Schedule A/B: Property. The Debtor also listed Mr. Murphy as a potential creditor on Schedule E/F: Creditors who Have-Unsecured Claims due to the pending First Lawsuit. Mr. Murphy does not dispute receiving notice of Debtor's Bankruptcy. Thus, the Court concludes that Mr. Murphy received

notice of Debtor's Bankruptcy filing and Debtor's claim to the Dog as property of the bankruptcy estate.

On September 20, 2023, the 72nd District Court entered an order administratively closing the First Lawsuit due to the automatic stay. [ECF No. 19; Exh. C]. At no time during the pendency of Debtor's bankruptcy case did Mr. Murphy object to Debtor's classification of the Dog as her property, or otherwise object to any of Debtor's bankruptcy filings. On October 30, 2023, Mr. Murphy filed a second lawsuit against Debtor in the 72nd Judicial District Court, Case No. 23-P05935-GZ seeking to recover the Dog ("Second Lawsuit"). [ECF No. 19; Exh. D][1]. On November 28, 2023, the 72nd District Court entered an order staying the Second Lawsuit due to Debtor's pending bankruptcy. [ECF No. 19; Exh. E].

While Mr. Murphy argued and testified at the April 25, 2024 hearing that he did not know about the automatic stay or that he needed to object to the Debtor's classification of the Dog as property of the bankruptcy estate in the bankruptcy proceedings, the Court does not find his argument or testimony credible. It was discovered, and Mr. Murphy subsequently acknowledged at the hearing, that he has filed two bankruptcy petitions. The Court confirmed that Mr. Murphy filed his pending Chapter 13 bankruptcy case on August 12, 2022, Case No. 22-46314.[2] He is represented by counsel. The purpose behind the Bankruptcy Code is to relieve an honest debtor from indebtedness and permit him a fresh start. The automatic stay and a discharge injunction serve that purpose. Regardless, ignorance of the law is no defense.

On December 12, 2023, Debtor was granted a discharge pursuant to 11 U.S.C. § 727(a). [ECF No. 14]. On December 20, 2023, Mr. Murphy filed a Motion and Order Reopening Case

---

[1] The Dog is described as a golden retriever in the second lawsuit. Parties do not dispute that both First and Second lawsuits deal with the same dog named Emma.
[2] Notably, Mr. Murphy did not list the Dog on his Schedules. [22-46314; ECF No. 13]. Nor did he amend his schedules to reflect his ownership of the Dog.

After Bankruptcy in the Second Lawsuit before the 72nd District Court. [ECF No. 19; Exh. G]. His motion was granted and the case was litigated despite the Order of Discharge, discharging Debtor's prepetition debts, including claims for the Dog and the First Lawsuit. On March 26, 2024, the 72nd District Court entered a judgment against the Debtor in the amount of $2,000.00, further ordering immediate delivery to Mr. Murphy of "Golder Retriever Dog named Emma including but not limited to all vet records & receipts" and "seizure order to enter on 4/21/2024. [ECF No. 19; Exh. I].

On April 17, 2024, Debtor filed a motion to reopen the bankruptcy case. [ECF No. 16]. Thereafter, Debtor filed the pending motion for sanctions seeking an order finding Mr. Murphy in contempt of the discharge injunction, and awards of attorney fees and costs of $6,500.00, compensatory damages in the amount of $1,800.00, and punitive damages in an amount not less than $25,000.00. [ECF No. 19, pg. 6].

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. §524(a),

> **(a)** A discharge in a case under this title [11 USCS §§ 101 et seq.]—
> **(1)** voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title [11 USCS § 727, 944, 1141, 1192, 1228, or 1328], whether or not discharge of such debt is waived;
> **(2)** operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
> . . .

11 USCS § 524.

The Court will first address whether the 72nd District Court's judgment is void. The Sixth Circuit in *Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367, 369 was tasked with determining

"whether 11 U.S.C. § 524(a) makes a state-court judgment void ab initio when entered against a debtor whose dischargeable debts had been discharged, or whether the *Rooker-Feldman* doctrine compels federal courts to respect the state-court judgment." *Id*. The Sixth Circuit concluded "that § 524(a) prevails and state court judgments that modify a discharge order are void ab initio." *Id*.

The Sixth Circuit reasoned that the purpose of §524(a) "is to make it absolutely unnecessary for the debtor to do anything at all in the collection action"; thus, "a debtor need not raise his discharge in bankruptcy as an affirmative defense." *Id*. at 323.[3] Section 524(a), however, "voids judgments only to the extent that they are 'a determination of the personal liability of the debtor,' and only enjoins attempts to collect discharged debts "as a personal liability of the debtor.' Section 524(a) does not, by contrast, prohibit a creditor from foreclosing on a valid lien that existed before the bankruptcy." *Isaacs v. DBI-ASG Coinvestor Fund, III, LLC (In re Isaacs)*, 895 F.3d 904, 913 (citing *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S. Ct. 2150, (1991)).

Accordingly, the Court concludes that the March 26, 2024 judgment entered by the 72nd District Court is void. The judgment was entered after this Court's December 12, 2023 discharge order. The judgment modifies this Court's discharge order.

---

[3] Citing to
> Collier states: "Section 524(a) is meant to operate automatically, with no need for the debtor to assert the discharge to render the judgment void. A bankruptcy court can find that a postpetition state court judgment [***6] is void *despite the full faith and credit normally given to state court judgments."* COLLIER P 4- 524.02[1], at 524-14.8 to 524-14.9 (Sept. 2005) (footnotes omitted) (emphasis added).

*In re Hamilton*, at 373

Next, the Court will turn to the legal standard for holding a creditor in civil contempt for violation of a bankruptcy discharge order. The two relevant provisions are 11 U.S.C. § 524(a)(2) and §105,

> The first, section 524, says that a discharge order 'operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset" a discharged debt. 11 U. S. C. §524(a)(2). The second, section 105, authorizes a court to "issue any order, process, or judgment that is necessary or [***10] appropriate to carry out the provisions of this title." §105(a).

*Taggart v. Lorenzen,* 139 S. Ct. 1795, 1801 (June 3, 2019). The United States Supreme Court in *Taggart* clarified the standard for holding a creditor in civil contempt, concluding that

> neither a standard akin to strict liability nor a purely subjective standard is appropriate. Rather, in our view, [1] a court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful.

*Taggart*, at 1799. See also *In re Williams,* 2020 Bankr. LEXIS 2996, *3-5. Thus, "'[a] creditor's good faith belief' that the discharge injunction does not apply to the creditor's act that violated the discharge injunction does not by itself preclude a civil contempt sanction." *Orlandi v. Leavitt Family Ltd. P'ship (In re Orlandi),* 612 B.R. 372, 381-382. "Conversely, it is not sufficient to hold a creditor in civil contempt by finding that 'the creditor was aware of the discharge order and intended the actions that violated the order.'" *Id*.

Here, the Court concludes that there is "no fair ground of doubt" as to whether the discharge order barred Mr. Murphy's conduct. Mr. Murphy and the Debtor have been disputing the rightful ownership of the Dog in the 72nd District Court prior to, and during, the Debtor's bankruptcy case. Mr. Murphy obtained notice of the Debtor's bankruptcy, he did not object to her position that the Dog was her property in the bankruptcy proceedings, and a discharge order was entered. Mr.

Murphy violated the discharge order when he filed a motion and order to reopen the Second Lawsuit in 72nd District court on December 12, 2023, and continued that litigation. Accordingly, the Court concludes that Mr. Murphy is in contempt of the discharge injunction.

Lastly, on the issue of damages, the Court orders the parties to file supplemental briefs. Debtor's supplemental brief is due by **May 2, 2024**. Creditor's supplement is due by **May 9, 2024**. A hearing is scheduled for **May 13, 2024, at 10:00 a.m.**

IT IS HEREBY ORDERED that the March 26, 2024, judgment entered by the 72nd District Court is void.

IT IS FURTHER ORDERED that Mr. Murphy is in contempt of the discharge injunction.

IT IS FURTHER ORDERED that the parties will file supplemental briefs on the issue of damages. Debtor's supplemental brief is due by **May 2, 2024.** Creditor's supplement is due by **May 9, 2024**. An in-person hearing is scheduled for **May 13, 2024, at 10:00 a.m. at Courtroom 1875, 211 W. Fort St**., **Detroit, Michigan.**

**Signed on April 26, 2024**

/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**